[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11176
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 21, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-20592-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODOLFO RAVELO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 21, 2010)

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Appellant Rodolfo Ravelo was an armored truck driver for Brinks, Inc. On

June 8, 2009, appellant and a co-worker collected money from a Wachovia Bank

Currency Center and transported it to a Brinks warehouse in Miami. After

appellant left the warehouse, Brinks conducted an audit and discovered that

$754,000 was missing from the money appellant and his co-worker had picked up

from the Wachovia Currency Center.

Appellant was arrested and charged with bank robbery, in violation of 18

U.S.C. § 2113(b). He pled guilty unconditionally to the offense, and the district

court sentenced him to prison for a term of 84 months. He appeals his sentence on

the grounds that the district court (1) erred in enhancing the base offense level for

robbery by two levels pursuant to U.S.S.G. § 3C1.1 for obstruction of justice, and

(2) abused its discretion in imposing a prison term that is 33 months above the

sentencing range prescribed by the Sentencing Guidelines, 41 to 51 months. A

term of 84 months, he contends, is substantively unreasonable. We address these

two grounds in turn.

I.

Section 3C1.1 of the Guidelines provides:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

U.S.S.G. § 3C1.1 (2009). The commentary to this section lists various examples of obstructive conduct, including where a defendant provides "materially false information to a judge" or to "a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense." § 3C1.1, comment. (n.4(f) and (g)). "Material" means "evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." § 3C1.1, comment. (n.6).

The district court adjusted appellant's base offense level pursuant to § 3C1.1 because appellant provided materially false statements to the FBI and to the court during the sentencing hearing. The false statements to the FBI were material because they affected law enforcement's ability to apprehend all culpable parties and recover the stolen money; hence, the statements impeded the official investigation or prosecution of the offense in this case. The statements to the court were material since they related to relevant conduct: what did appellant do with the money and who else was involved in the robbery.

## II.

We review a variance from the Guidelines sentencing range for reasonableness under the abuse-of-discretion standard. *United States v. Shaw*. 560 F.3d 1230, 1232, 1237 (11th Cir.), *cert. denied*, 129 S. Ct. 2847 (2009). Pursuant

to 18 U.S.C. § 3553(a), the district court was required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2)]," for, among other things, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter others from committing the offense, and protect the public from the defendant's predictable criminal behavior. 18 U.S.C. § 3553(a)(2)(A),(B), and (C). The court complied with this requirement here. It varied upward from the sentencing range because, as the court stated, the offense was "very serious, involving a large amount of money based upon a circumstance of a man who was a trusted employee for a very important job." Moreover, the variance was required to deter others, like appellant, who might be "in positions where they are given trust" and "handle large amounts of cash."

Appellant's sentence of 84 months is well below the maximum sentence that could have been imposed, 120 months imprisonment. Given the court's sentencing objectives, the satisfaction of the § 3553(a)(2)(A) and (B) sentencing goals, we conclude that appellant has not shown his sentence to be unreasonable.

AFFIRMED.

4